### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

              v.              Civil No. 08-5107

JOHN D. BRUNER, LOTAWANNA
LOCKHART BRUNER, GHG OF
SPRINGDALE, INC., and BENTON
COUNTY                                                            DEFENDANTS

### <u>O R D E R</u>

Now on this 8th day of July, 2008, comes on for consideration separate defendant Lotawanna Bruner's **Motion To Dismiss** (document #12), and from said motion, and the response thereto, the Court finds and orders as follows:

1.   This is a suit to reduce tax liens against separate defendant John Bruner to judgment, and to foreclose on certain real property to satisfy such judgment.

2.   Lotawanna Bruner moves to dismiss, saying she is not liable for the tax debt in question.  Plaintiff points out in response that the Complaint joins Lotawanna Bruner as a defendant because she may claim some interest in the real property sought to be foreclosed, and she is a proper defendant under **26 U.S.C. §7403(b)**.

3.   The Court is persuaded that Lottawata Bruner is a proper defendant, particularly given the assertion in her Motion that she and John Bruner "are full partners in the property described at #14 of summons, having the same time, money and sweat equity in

said property."  The Motion will, therefore, be denied.

4.   The Court notes that in spite of its advice to the movant that pro se litigants must comply with applicable procedural rules, the Motion now under consideration does not so comply.  It does not contain a telephone number for the moving party, nor a certificate of service.

The Court advised movant, in its Order dated June 10, 2008, that her pro se status does not excuse her from following procedural rules or Court orders, and gave some guidance about where the applicable rules can be found.  It specifically pointed out that previous motions were deficient because they did not include the address, zip code, or telephone number of the moving party, or a certificate of service.  The Court is not amused to find that this advice and guidance have been ignored, and expects that this will not happen again.  Any further motions filed by movant that do not contain the required information may not be taken up for consideration and the Court may then give consideration to the imposition of appropriate sanctions for such continued conduct.

**IT IS THEREFORE ORDERED** that separate defendant Lotawanna Bruner's **Motion To Dismiss** (document #12) is **denied.**

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

-2-