```
           IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                          PLAINTIFF

          v.          Civil No. 08-5107

**JOHN D. BRUNER, LOTAWANNA LOCKHART BRUNER, GHG OF SPRINGDALE, INC., and BENTON COUNTY**                                          DEFENDANTS

## O R D E R

    Now on this 9th day of December, 2008, come on for consideration the following motions:

    *   **United States' Motion To Reconsider Order On Summary Judgment** (document #42);

    *   separate defendant John D. Bruner's **Motion Of Reconsideration Of "UNITED STATES OF AMERICA" is not a Proper Party ORDER** (document #45); and

    *   separate defendant John D. Bruner's **Motion For Sanctions and Motion To Dismiss** (document #50),

and from said motions, and the responses thereto, the Court finds and orders as follows:

    1.   In an Order dated November 5, 2008, the Court determined that separate defendant John D. Bruner ("Bruner") "owes the United States $210,923.72 in unpaid tax assessments and penalties, for which the United States is entitled to judgment, and which serve as a lien against all Bruner's real and personal property."  The Court declined to enter summary judgment foreclosing Bruner's

interest in certain real property, however, on the basis that there was no showing that Bruner's other assets subject to collection were insufficient to pay the amount due, together with the expenses of the proceedings, as required by **26 U.S.C. §6334(e)** when the government makes a tax levy against the principal residence of a delinquent taxpayer.

2.   The government now moves the Court to reconsider its denial of foreclosure, contending that **§6334** does not apply in a judicial lien foreclosure action such as the case at bar, which is brought under **26 U.S.C. §7403**.  As the government points out, an IRS levy is an administrative procedure, whereas this foreclosure is an adversarial proceeding under the aegis of the courts, which are empowered to foreclose a delinquent taxpayer's interests in all his property.  **U.S. v. Rodgers**, 461 U.S. 677 (1983).

Bruner's response, although fifty pages long, fails to satisfactorily address the issue raised or the authorities cited by the government.  The Court concludes that the government is correct in asserting that **§6334** does not apply in a judicial lien foreclosure under **§7403**.  It follows, from the findings of the Court in its Order dated November 5, 2008, that the government is entitled to a decree of foreclosure against Bruner's real property in order to collect its tax lien against Bruner should Bruner fail to satisfy a money judgment for that tax lien.

3.   The Complaint alleges that Lotawanna Lockhart Bruner,

GHG of Springdale, Inc., and Benton County, Arkansas ("Benton County"), may claim an interest in the real property at stake in this case.  GHG of Springdale, Inc., defaulted, and the Court determined that Lotawanna Lockhart Bruner has no protectable interest in the real property.

Benton County answered and asserted that it had a tax lien superior to any tax lien of the United States in this matter.  The United States agrees that Benton County's lien is superior, but neither the United States nor Benton County has stated the amount of this tax lien.  The Court will, therefore, direct Benton County to file an affidavit, within ten days of this Order, stating the amount of its tax lien.  Any party may lodge an objection to this affidavit within seven days thereafter.

4.    Bruner's Motion Of Reconsideration renews his contention that "United States of America" is not a proper party, and that this action can only be prosecuted by "United States."  His cited case of **Hooven & Allison Co. V. Evatt, 324 U.S. 652 (1945), overruled by Limbach v. Hooven & Allison Co., 466 U.S. 353 (1984),** does not support his position, nor does he offer any other sufficient authority or cogent argument.  This motion will be denied.

5.    Bruner also moves for sanctions against the government's attorney and for dismissal.  This motion is wholly without merit and will be denied.

**IT IS THEREFORE ORDERED** that **United States' Motion To Reconsider Order On Summary Judgment** (document #42) is **granted**. The Court has reconsidered, and concludes that the United States is entitled to a decree of foreclosure against the real property owned by John D. Bruner.

**IT IS FURTHER ORDERED** that separate defendant Benton County, Arkansas, file an affidavit, within ten days of this Order, stating the amount of its tax lien against John D. Bruner. Any party may lodge an objection to such affidavit within seven days thereafter.

**IT IS FURTHER ORDERED** that separate defendant John D. Bruner's **Motion Of Reconsideration Of "UNITED STATES OF AMERICA" is not a Proper Party ORDER** (document #45) is **denied**.

**IT IS FURTHER ORDERED** that separate defendant John D. Bruner's **Motion For Sanctions and Motion To Dismiss** (document #50) is **denied**.

IT IS SO ORDERED.

                                           **/s/ Jimm Larry Hendren**
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**